UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EILEEN LATHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-141-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THE LINCOLN NATIONAL LIFE | ) | **ORDER RE: COURTROOM** |
| INSURANCE COMPANY, | ) | **DECORUM AND TRIAL** |
| | ) | **PROCEDURES** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

To promote efficiency and professionalism, it is hereby

**ORDERED** as follows:

1.      Counsel and the parties shall strictly adhere to the Court's trial and hearing schedules and shall be present at the time set for the beginning of any proceeding, as well as the resumption of any proceeding, following any recess.  Preparation for any proceeding should be completed prior to the matter being called.

2.      Counsel shall refrain from engaging in or employing dilatory tactics or tactics that are intended or designed, directly or indirectly, to cause unnecessary expense or prevent the orderly administration of justice.

3.      Counsel shall stand when Court sessions are opened, recessed or adjourned. Likewise, counsel shall stand when addressing, or being addressed by, the Court.  Absent leave of Court, counsel shall stand at the lectern/podium while examining witnesses or while

making opening statements, closing arguments, or questioning potential jurors during voir dire proceedings.

4.      Counsel shall refrain from assuming an undignified posture in the Courtroom. Counsel should be properly attired in a proper and dignified manner and should abstain from any apparel or ornament calculated to attract attention to himself or herself.

5.      No food or drinks may be brought into the Courtroom by parties, witnesses or attorneys.  Likewise, counsel and parties may not chew gum or use any type of tobacco product during proceedings and may not have such items present in the Courtroom.

6.      Counsel, parties, and witnesses shall avoid unnecessary talking and conversation during proceedings.  This includes discussions occurring prior to or following proceedings in which counsel, parties and witnesses are present in, or adjacent to, the Courtroom in which proceedings are occurring.

7.      Counsel shall address all remarks to the Court, rather than to opposing counsel.

8.      Counsel shall avoid disparaging personal remarks or acrimony toward opposing counsel and shall remain wholly detached from harboring ill feelings toward the litigants or witnesses.

9.      Counsel shall refer to all persons, including witnesses, parties, and opposing counsel by surnames only.

10.      Only one attorney for each party may examine or cross-examine each witness. The attorney stating objections during direct examination shall be the only attorney recognized for cross-examination.

11.     Counsel must receive permission before approaching any witness during his or her testimony.  Likewise, counsel must receive permission before approaching the bench.

12.     Counsel shall not publish any exhibit to the jury prior to that exhibit being admitted into evidence by the Court.  Any paper, item or exhibit not previously marked for identification must first be handed to the Deputy Clerk of the Court to be marked for identification before being tendered to a witness for his or her examination.  Likewise, any paper, item, or exhibit to be shown to a witness for identification and/or offered into evidence must first be presented to opposing counsel for examination.

13.     Counsel shall state only the legal grounds for objections and must withhold further comment or elaboration unless directed by the Court.  While the jury is present in the Courtroom, all argument and discussion regarding objections shall occur at the bench unless otherwise directed by the Court.

14.     Offers of or requests for stipulations must be made at the bench.

15.     During opening statements, closing arguments and other matters during which a jury is present, counsel shall not express personal knowledge of or opinions concerning any matter in issue.  In this regard, attorneys shall absolutely refrain from stating personal beliefs regarding the truthfulness or falsity of any testimony.  Further, counsel shall absolutely refrain from vouching for the credibility of witnesses.  In criminal proceedings, counsel may not express personal opinions regarding the guilt or innocence of the accused or personal opinions regarding the merits of the case or evidence presented.

16.     Counsel shall refrain from making gestures, facial expressions, audible comments, or similar expressions which could be construed as manifestations of approval or

-3-

disapproval during the testimony of witnesses or arguments of opposing counsel. This directive also applies to all persons seated at or adjacent to counsel table.

17.    Any witness called by a party is deemed to be under the control of that party and the witness may be excused if said calling party so desires or announces. Should opposing counsel desire the witness to be available for testimony at a later time during the proceeding, counsel must so state and shall be responsible for securing the subsequent attendance of the witness.

18.    Counsel who calls a witness may confer with the witness during recesses of Court proceedings during direct (or re-direct) examination only. This does not apply to a defendant who testifies in his or her own behalf, nor shall it apply to the government's designated case agent.

19.    Prior to, during, and following trials and other proceedings, neither counsel, parties, nor witnesses may speak to nor associate with jurors.

20.    All counsel shall assist the Court in protecting the sanctity and security of the jury and shall not disclose in the presence of the jury any information or material extraneous to the evidence admitted into the record. Disclosure before the jury of significant information extraneous to the evidence admitted will be considered misconduct which obstructs the Court in the performance of its judicial duties and shall be subject to contempt under Rule 42 of the Federal Rules of Criminal Procedure. Counsel shall cooperate in seeking to secure jurors from contact with the lawyers in the case, defendants, case agents, and other trial participants.

21.     Should any party invoke Rule 615 of the Federal Rules of Evidence regarding exclusion of witnesses, counsel and all parties shall assist the Court, the Deputy United States Marshals, the Courtroom Security Officers, and the Deputy Clerk of the Court, in keeping any witness who is expected to testify outside the Courtroom during the subject trial, hearing, or proceeding in which the rule is invoked.

22.     Counsel should avoid unnecessary bench conferences to the extent possible. In this regard, counsel should exercise professional judgment in anticipating disputed issues or questions which might likely arise during trial and address those issues or questions with opposing counsel and, if necessary, with the Court, outside the presence of the jury.

23.     All persons, including but not limited to counsel for the parties, are expected to strictly and absolutely comply with all orders or directives of Deputy United States Marshals and Court Security Officers prior to, during, and following all Court proceedings.

**       **       **

Failure to comply with any of the aforementioned rules and procedures may result in the imposition of sanctions, monetary or otherwise.

This 29th day of May, 2015.



Signed By:

*Danny C. Reeves*   DCR

United States District Judge